**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEANN R. MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:11-CV-714 NAB |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Plaintiff's failure to comply with the Court's Case Management Order, Order of February 10, 2012, and Local Rule 9.02. This matter is an action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of Michael Astrue ("Defendant") denying the application of LeAnn Mitchell ("Plaintiff") for supplemental security income pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 - 1383b. The parties have consented to the jurisdiction of the Court in this matter pursuant to 28 U.S.C. § 636(c)(1).

## I. Background

On April 25, 2011, the Court issued a Case Management Order, which directed the Defendant to file an Answer and the Administrative Transcript within sixty days. *See* Case Mgmt. Order of April 25, 2011 [Doc. 5]. Plaintiff was ordered to file Brief in Support of Complaint within thirty days after service of the Defendant's Answer and Administrative Transcript. *Id.* After receiving an extension of time, the Defendant filed his Answer and the Administrative Transcript on July 25, 2011. No action took place in this case for six months. Plaintiff did not file a Brief in Support of her Complaint. On January 31, 2012, the Court ordered Plaintiff to show cause why her case should not be dismissed. On February 9, 2012, Plaintiff responded to the show cause order and

requested an extension of time.  The Court granted Plaintiff's motion for an extension of time and ordered Plaintiff to file her Brief in Support of Complaint pursuant to Local Rule 9.02, no later than February 24, 2012.  Plaintiff again failed to file a Brief in Support of the Complaint.

On April 9, 2012, the Court issued a second show cause order asking Plaintiff to show cause why her case should not be dismissed for failure to comply with the Local Rules.  Plaintiff submitted a response to the show cause order.  In her response, Plaintiff stated that she was working hard to obtain legal counsel.  Plaintiff requested that the Court send her case to the "appeals court" so that she could obtain a lawyer.  Plaintiff stated that the she was prevented from bringing a representative into her administrative hearing and was threatened that her case would be lost if she brought in her representative.  Plaintiff also attached an unverified letter signed by her friend stating that Plaintiff was denied the opportunity to bring a representative to the courtroom during her administrative hearing.

## II.     Standard

A district court may dismiss with prejudice a cause of action "for failure of a plaintiff to prosecute or comply with these rules or any court order."  *Arnold v. ADT Security Serv.*, 627 F.3d 716, 722 (8th Cir. 2010) *citing* Fed. R. Civ. P. 41(b).  "[D]ismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay."  *Id.*  "A plaintiff need not have acted in bad faith, but the district court must find that the plaintiff "acted intentionally as opposed to accidentally or involuntarily."  *Id.*  Local Rule 8.01 also allows for dismissal of a civil case pending for more than six months without any action, absent a showing of good cause.  *See* E.D. Mo. L.R. 8.01.

## III.    Discussion

In this action, Plaintiff requests that the Court return her case to the "appeals court."  The Court presumes that Plaintiff is referring to the Social Security Administration's Appeals Council.

In support of her request, Plaintiff states that she was denied the right to have a representative in the administrative hearing and she did not receive fair treatment.

"Hearings before an administrative law judge are nonadversarial proceedings." *Phelan v. Bowen*, No. 85-2685-C(4), 1987 WL 123934, at *1 (E.D. Mo. Feb. 12, 1987). The Social Security Act allows claimants to be represented by a lawyer or a non-lawyer who meets the requirements of 20 C.F.R. 404.1705.[1] Further, the claimant and representative must submit a written notice of appointment signed by the claimant and representative to the social security office, the ALJ, or the Appeals Council. 20 C.F.R. 404.1707. Representation by counsel or a representative is not required. *Phelan*, at 1. "[L]ack of counsel would not affect the validity of the hearing unless the claimant demonstrates prejudice or unfairness in the hearing." *Heisner v. Secretary of Health, Educ. Welfare, 538 F.2d 1329, 1331* (8th Cir. 1976).

Plaintiff's administrative hearing was held on November 12, 2009. The following exchange occurred between the Administrative Law Judge ("ALJ") and Plaintiff during the Hearing:

> **ALJ**: Okay. And do you understand you have the right to be represented by a nonrepresentative or I mean a nonattorney or an attorney?
> **Plaintiff**: Yes.
> **ALJ**: And you were sent some numbers to contact one. You also have the right to represent yourself, and I want you, if you do want to proceed with the hearing this morning and you want to represent yourself, waive your right to a representative or an attorney, you need to state so affirmatively on the record. Do you want to continue today?
> **Plaintiff**: Yes.
> **ALJ**: Okay. And you understand the rights you are waiving?
> Plaintiff: Yes.

---

[1]The requirements for a non-attorney representative include (1) generally known to have good character and reputation, (2) capable of giving valuable help to claimant in connection with claim, (3) not disqualified or suspended from acting as a representative in dealings with Social Security Administration, and (4) not prohibited by any law from acting as a representative. 20 C.F.R. § 404.1705(b).

Tr. at 25. The transcript demonstrates the Plaintiff was aware of and waived her right to have a representative or legal counsel present.[2] Plaintiff agreed to proceed with the hearing. Tr. at 25. Further, Plaintiff does not demonstrate that she was prejudiced by the lack of a representative. Plaintiff was able to express to the ALJ that she had records from her current doctor for 2007-2009, which were not in the Court file. The ALJ asked Plaintiff to give her records to the hearing reporter so that they can be copied and sent to the ALJ, who was attending the hearing by video conference. Tr. 37-38, 47. The records submitted by Plaintiff are enclosed with the other exhibits and are a part of the administrative record. Tr. 368-422. Plaintiff was also able to cross-examine the vocational expert. Tr. 45-46. Based on Plaintiff's response and the certified transcript of the administrative hearing, the Court finds that Plaintiff has not demonstrated prejudice or unfairness in the hearing.

Plaintiff's Brief in Support of Complaint was originally due August 24, 2011. Since that time, Plaintiff has not filed any substantive pleading in support of her Complaint regarding whether the ALJ's decision was supported by substantial evidence in the record as a whole. Her responses to the orders to show cause have sought additional time, but Plaintiff has not done anything to move this case forward.

In this action, any dismissal would effectively be with prejudice due to the filing deadlines for a § 405(g) action. *See* 42 U.S.C. § 405(g). The Court recognizes that this is an extreme sanction. "Plaintiff's failure to comply with the Case Management Order, [Order of February 10, 2012], and Local Rule 9.02, [however], has effectively halted the progress of the litigation she initiated." *Declue v. Astrue*, 1:08-CV-54 RWS, 2008 WL 4838225 at *1 (E.D. Mo. Nov. 6, 2008). "[Therefore],the Court has the option of dismissing her case or having a case ride its docket without any progress." *Declue,* at 1. The Court will not allow this case to be delayed any longer. Plaintiff

---

[2]There is no information in the record as to whether Plaintiff's friend submitted a written notice of representation prior to the administrative hearing.

failed to prosecute this case for almost a year and failed to comply with the Court's orders and Local Rule 9.02, despite receiving an extension of time to do so. Plaintiff has not shown good cause for her inaction and failure to follow the Court's orders and the local rules. Therefore, the Court will dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED**, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 8.01.

Dated this 8th day of August, 2012.

/s/Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE